**IT IS ORDERED as set forth below:**



**Date: March 7, 2025**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OTB HOLDING LLC, | ) | Case No. 25-52415 (SMS) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |
| Tax I.D. No. 27-2153213 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| OTB ACQUISITION LLC, | ) | Case No. 25-52416 (SMS) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |
| Tax I.D. No. 27-2118500 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| OTB ACQUISITION OF NEW JERSEY LLC, | ) | Case No. 25-52417 (SMS) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |
| Tax I.D. No. 27-2211506 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OTB ACQUISITION OF HOWARD COUNTY LLC | ) | Case No. 25-52418 (SMS) |
| Debtor. | ) | (Joint Administration Requested) |
| Tax I.D. No. 27-2199865 | ) | |
| In re: | ) | Chapter 11 |
| MT. LAUREL RESTAURANT OPERATIONS LLC, | ) | Case No. 25-52419 (SMS) |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| Tax I.D. No. 27-2255100 | ) | |
| In re: | ) | Chapter 11 |
| OTB ACQUISITION OF KANSAS LLC, | ) | Case No. 25-52420 (SMS) |
| Debtor. | ) | (Joint Administration Requested) |
| Tax I.D. No. 27-2189014 | ) | |
| In re: | ) | Chapter 11 |
| OTB ACQUISITION OF BALTIMORE COUNTY, LLC, | ) | Case No. 25-52421 (SMS) |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| Tax I.D. No. 46-4766963 | ) | |

2

### ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

This matter is before the Court on the *Emergency Motion for Entry of an Order (I) Directing Joint Administration of Related Chapter 11 Cases and (II) Granting Related Relief* (the "Motion") [Docket No. 3] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearing held on the Motion on March 6, 2025. It appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §1408; and it appearing that the relief requested is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest, and that good cause has been shown therefor; IT IS HEREBY ORDERED:

1. The Motion is granted to the extent set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 25-52415 (SMS).

3. The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OTB HOLDING LLC, *et al.*,[1] | ) | Case No. 25-52415 (SMS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: OTB Holding LLC (3213), OTB Acquisition LLC (8500), OTB Acquisition of New Jersey LLC (1506), OTB Acquisition of Howard County LLC (9865), Mt. Laurel Restaurant Operations LLC (5100), OTB Acquisition of Kansas LLC (9014), OTB Acquisition of Baltimore County, LLC (6963). OTB Holding LLC's service address is One Buckhead Plaza, 3060 Peachtree Road, NW, Atlanta, GA 30305.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry substantially similar to the following notation be entered on the docket of each Debtor's case to reflect the joint administration of these cases:

> An Order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of: OTB Holding LLC, Case No. 25-52415 (SMS); OTB Acquisition LLC, Case No. 25-52416 (SMS); OTB Acquisition of New Jersey LLC, Case No. 25-52417 (SMS); OTB Acquisition of Howard County LLC, Case No. 25-52418 (SMS);Mt. Laurel Restaurant Operations LLC, Case No. 25-52419 (SMS); OTB Acquisition of Kansas LLC, Case No. 25-52420 (SMS); and OTB Acquisition of Baltimore County LLC, Case No. 25-52421 (SMS) **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-52415 (SMS).**

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Northern District of Georgia shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. All filings in the jointly administered cases, with the exception of (a) each Debtors' schedules and statement of financial affairs (which each Debtor shall file separately on each Debtor's respective bankruptcy docket); (b) monthly operating reports and post confirmation reports (which each Debtor shall file separately on each Debtor's respective bankruptcy docket); (c) status reports (which each Debtor shall file separately on each Debtor's respective bankruptcy docket); (d) any proposed plan of reorganization or liquidation and disclosure statement wherein only one of the Debtors is a plan proponent or the proposal is only as to a single Debtor (which the plan proponent shall file on the bankruptcy docket for the applicable Debtor); and (e) final reports and applications for final decrees (which each Debtor shall file separately on each Debtor's respective bankruptcy docket) shall hereafter be filed in the case of OTB Holding LLC.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Bankruptcy Local Rules for the Northern District of Georgia and the Complex Case Procedures are satisfied by such notice.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13. Proposed counsel for the Debtors, through Kurtzman Carson Consultants, LLC d/b/a Verita Global ("Verita") shall, within three (3) days of the entry of this Order, cause a copy of this Order to be served by electronic mail or first class mail, as applicable, on all parties served with the Motion, and Verita shall file promptly thereafter a certificate of service confirming such service.

[END OF ORDER]

Prepared and presented by:

*/s/ Jeffrey R. Dutson*
Jeffrey R. Dutson
Georgia Bar No. 637106
Brooke L. Bean
Georgia Bar No. 764552
Alice Kyung Won Song
Georgia Bar No. 692753
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: jdutson@kslaw.com
Email: bbean@kslaw.com
Email: asong@kslaw.com

*Proposed Counsel for the Debtors in Possession*